UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CURTIS A. WIESE, III,

    Petitioner,

v.

MARK NOOTH, Superintendent,
Snake River Correctional Institution,

    Respondent.

Case No. 2:15-cv-00008-CL

FINDINGS AND
RECOMMENDATION

CLARKE, Magistrate Judge:

Petitioner filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his trial counsel rendered ineffective assistance by failing to adequately convey a plea offer prior to trial. First Am. Pet. at 6 (ECF No. 55). Respondent maintains that petitioner's claim is barred from federal review through procedural default. For the reasons explained below, I recommend that the petition be denied and the case dismissed.

## BACKGROUND

On September 20, 2007, petitioner was indicted on nine criminal charges arising from the sexual abuse of his eleven-year-old stepdaughter in 2006 and 2007. Resp't Ex. 102. After trial to

Page 1    - FINDINGS AND RECOMMENDATION

the court in March 2008, petitioner was convicted on two counts of Sodomy in the First Degree, two counts of Sexual Abuse in the First Degree, and one count of Rape in the First Degree. Resp't Exs. 101 at 3-8, 103. The court sentenced petitioner to concurrent sentences totaling 300 months' imprisonment and a life term of post-prison supervision. Resp't Ex. 101 at 3-8.

Petitioner directly appealed his conviction and sentence on grounds of trial court error, and the Oregon Court of Appeals affirmed in a written opinion and the Oregon Supreme Court denied review. Resp't Exs. 104, 106-09; *State v. Wiese*, 238 Or. App. 426, 241 P.3d 1210 (2010), *rev. denied*, 349 Or. 654, 249 P.3d 543 (2011).

Petitioner then filed a petition for post-conviction relief (PCR) and alleged two claims of ineffective assistance of trial counsel (IATC). Resp't Ex. 110. First, petitioner alleged that his trial counsel erroneously advised petitioner that he could receive only concurrent sentences after a bench trial. Petitioner asserted that if he had known he could receive consecutive sentences, he would have urged his attorney to pursue more favorable plea negotiations. Second, petitioner alleged that his trial counsel failed to challenge or object to petitioner's life term of post-prison supervision.

In response to petitioner's first PCR claim, the State presented an affidavit from the deputy district attorney (DDA) who prosecuted petitioner. The DDA averred that "petitioner did receive concurrent sentences" and "there were plea negotiations, and petitioner rejected those and elected trial." Resp't Ex. 120 at 1-2. The DDA explained that on September 20, 2007, the day petitioner was indicted, he emailed petitioner's counsel and represented that "the State would seek [a sentence of] 10 years" in exchange for petitioner's guilty plea to "two counts of Sexual Abuse I and some misdemeanors." Resp't Ex. 120 at 2. According to the DDA, petitioner did not accept this offer and made no effort to settle the case after it was set for trial.

Page 2    - FINDINGS AND RECOMMENDATION

During the PCR court hearing, petitioner testified as follows:

> My lawyer never told me anything about plea -- a plea bargain. As a matter of fact, I asked him ten days before trial, when he put some money on my books so that I could get a haircut before I went to trial, I asked him specifically if there had been any offer for a plea agreement. And, he said that there was not.

Resp't Ex. 132 at 10. During closing argument, petitioner's PCR counsel reiterated that petitioner "never got [the DDA's] offer," and if petitioner had received the offer, "he would have taken it." Resp't Ex. 132 at 13. PCR counsel also argued that trial counsel's failure to convey the 10-year plea offer "would be how my client was damaged by that -- by -- by -- by the misrepresentation by Counsel of what he could get if he had gone to trial. And, in essence, he is now serving, you know, 25 years, 300 months." Resp't Ex. 132 at 14.

The PCR court rejected petitioner's claims alleged in his PCR petition and found no deficient performance by counsel or resulting prejudice. Resp't Ex. 133. Notably, the PCR court did not address whether trial counsel conveyed the DDA's plea offer to petitioner prior to trial. Petitioner appealed the PCR court's decision and raised one counseled IATC claim based on trial counsel's failure to object to lifetime post-prison supervision and one pro se IATC claim based on trial counsel's failure to convey the DDA's plea offer. Resp't Exs. 134-35. In response to petitioner's pro se IATC claim, the State responded that this claim could not be addressed on appeal because petitioner did not raise it in his PCR petition. Resp't Ex. 136 at 11. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 137-39; *Wiese v. Nooth*, 262 Or. App. 238, 327 P.3d 572, *rev. denied*, 355 Or. 703, 330 P.3d 629 (2014).

On January 2, 2015, petitioner filed his original federal petition under 28 U.S.C. § 2254, and on September 12, 2016, petitioner filed an amended petition asserting the current ground for relief.

Page 3  - FINDINGS AND RECOMMENDATION

DISCUSSION

In his amended federal petition, petitioner asserts only one ground for relief: an IATC claim based on trial counsel's alleged failure to adequately convey the DDA's plea offer prior to trial. *See Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (stating that a defendant's right to the counsel "extends to the plea-bargaining process"); *Missouri v. Frye*, 566 U.S. 133, 145 (2012) (holding that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused"). Respondent argues that this claim was not fairly presented to the Oregon courts and now is barred by procedural default. *See* 28 U.S.C. § 2254(b)(1)(A).

A petitioner must "fairly present" a federal claim to the State's highest court "in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam) (internal quotation marks omitted). "A petitioner fully and fairly presents a claim to the state courts if he presents the claim (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal basis for the claim." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (per curiam) (citations omitted); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). If a claim was not fairly presented to the state courts and no state remedies remain available for the petitioner to do so, the claim is barred from federal review through procedural default. *Coleman v. Thompson*, 501 U.S. 722, 731-32, 735 n.1 (1991).

Respondent emphasizes that petitioner's IATC claim could not be raised on appeal or fairly presented to the Oregon courts because it was not included in his PCR petition. Response at 7 (ECF No. 32) (citing *Hayward v. Belleque*, 248 Or. App. 141, 152, 273 P.3d 926 (2012) and *Bowen v. Johnson*, 166 Or. App. 98, 92-93, 999 P.3d 1159 (2000)). Petitioner does not dispute

Page 4 - FINDINGS AND RECOMMENDATION

respondent's argument and concedes that his claim is procedurally defaulted. Pet'r Br. at 8 (ECF No. 59). Nonetheless, petitioner argues that the ineffective assistance of his PCR counsel excuses the default and permits federal review of his claim under *Martinez v. Ryan*, 566 U.S. 1 (2012).

A federal court may consider procedurally barred claims only if the petitioner demonstrates cause for the default and actual prejudice, or if the lack of federal review would result in a "fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Generally, the ineffective assistance of PCR counsel does not constitute cause to excuse a procedurally defaulted claim. *Coleman*, 501 U.S at 752-53. However, in *Martinez*, the Supreme Court created a narrow exception to that rule where "the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 11. In that situation, a procedural default may be excused if the petitioner's post-conviction counsel caused the default by failing to raise a meritorious IATC claim during the initial-review post-conviction proceeding. *Id.* at 9 ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.").

Here, the PCR proceeding was the "first designated" proceeding for petitioner to raise his IATC claims. *See State v. Robinson*, 25 Or. App. 675, 550 P.2d 758 (1976) (holding that ineffective assistance claims generally must be resolved in a PCR proceeding). To meet remaining elements of the *Martinez* exception, petitioner must demonstrate that: 1) his PCR counsel's performance was constitutionally deficient under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984); and 2) his underlying IATC claim is a "substantial one." *Martinez*, 566 U.S. at 14; *see also Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013).

Page 5   - FINDINGS AND RECOMMENDATION

"Not every error by PCR counsel will constitute 'cause'; indeed, PCR counsel 'is not necessarily ineffective for failing to raise even a nonfrivolous claim.'" *Mack v. Nooth*, Civ. No. 2:14-cv-00643-MA, 2016 WL 4975200, at *5 (D. Or. Sept. 15, 2016) (quoting *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012)). Rather, petitioner must show that "PCR counsel's failure to raise the [IATC claim] was an error so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Sexton*, 679 F.3d at 1157 (citation and internal quotation marks omitted). To show that his underlying IATC claim is substantial, petitioner "must demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). An IATC claim has "some merit" if "reasonable jurists" would find the claim "debatable." *Miller-El*, 537 U.S. at 338; *Detrich v. Ryan*, 740 F.3d 1237, 1245 (9th Cir. 2013) (en banc).

Petitioner argues that his PCR counsel was deficient by failing to amend the PCR petition to include an IATC claim alleging trial counsel's failure to convey the DDA's offer. Petitioner emphasizes that PCR counsel's failure prevented review of his IATC claim on appeal and caused the procedural default. Respondent does not defend PCR counsel's performance, and the record is silent as to why PCR counsel did not seek to amend the PCR petition. Ultimately, I need not determine whether PCR counsel's performance was deficient, because petitioner's underlying IATC claim is not substantial.

It is well established that an IATC claim requires two elements: 1) deficient performance by trial counsel and 2) resulting prejudice. *Strickland*, 466 U.S. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* To establish counsel's deficiency in these circumstances, petitioner must show that his trial counsel "allowed the [DDA's] offer to

expire without advising [petitioner] or allowing him to consider it." *Frye*, 566 U.S. at 145. To establish prejudice, petitioner must show

> that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 566 U.S. at 164. Given the facts of record, petitioner fails to make a substantial showing of either element.

In support of his IATC claim, petitioner asserts:

> I am absolutely positive prior to my trial…I was offered a plea agreement for each of the two counts for a total of twenty years in prison, including misdemeanor charges for county jail time. I do not remember if both counts were to be run consecutive or concurrent. …I did not accept this deal mainly because of the county jail time….This is not the same offer for 120 months referenced by District Attorney Johnathan Crow in his affidavit offered during my post conviction proceeding.

Pet. Ex. 1 (ECF No. 55-1). In other words, contrary to his PCR testimony, petitioner now concedes that his trial counsel conveyed a plea offer from the DDA involving guilty pleas to "two counts" and misdemeanor charges. Nonetheless, petitioner maintains it was not the "same offer" as the one referenced in the DDA's PCR affidavit.

However, the offer rejected by petitioner is virtually identical to the offer described in the DDA's affidavit; petitioner admits that he does "not remember" if the ten years for each count would run concurrently. Further, the DDA represented that he made one plea offer and had no intention of making "a more generous offer." Resp't Ex. 120 at 2. Given petitioner's admissions, the allegation that trial counsel did not convey the DDA's plea offer is "wholly without factual support." *Martinez*, 566 U.S. at 16. Likewise, petitioner could not have suffered any prejudice from counsel's alleged deficiency when he rejected a plea offer virtually identical to the one

Page 7 - FINDINGS AND RECOMMENDATION

described in the DDA's PCR affidavit. It is inconceivable that petitioner would have accepted an offer with the same terms as the offer he admittedly rejected. Reasonable jurists simply would not find this claim debatable.

In sum, petitioner's IATC claim is not substantial and the *Martinez* exception does not excuse the procedural default of this claim. Accordingly, habeas relief should be denied.

## CONCLUSION

Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 55) should be DENIED and this case DISMISSED with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within (14) days from service of the Findings and Recommendation. If objections are filed, any response is due fourteen (14) days after being served with a copy of the objections. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's final order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 3/ day of August, 2017.

MARK D. CLARKE
United States Magistrate Judge