# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**CURTIS A. WIESE, III**,

        Petitioner,

    v.

**MARK NOOTH**, Superintendent, Snake River Correctional Inst.

        Respondent.

Case No. 2:15-cv-000008-CL

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge Mark D. Clarke issued Findings and Recommendation in this case on August 31, 2017. ECF 78. Judge Clarke recommended that Petitioner's amended petition for writ of habeas corpus (ECF 55) be denied and this case dismissed with prejudice. Judge Clarke further recommended that a Certificate of Appealability ("COA") not be issued, on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Petitioner timely filed an objection. ECF 80. Petitioner argues that Judge Clarke erred in finding that Petitioner's ineffective assistance of trial counsel claim ("IATC claim") was not substantial, and the procedural default of his IATC claim was therefore not excused under the exception established in *Martinez v. Ryan*, 566 U.S. 1 (2012). Specifically, Petitioner argues that Judge Clarke improperly weighed the evidence in this case and determined that Petitioner did not provide factual support for his claim. Petitioner asserts that "there is no question that [Petitioner] has presented factual support for his claim in the form of his sworn testimony." ECF 80 at 7. Petitioner characterizes his sworn testimony as providing his "clear recollection that he did not receive a ten (10) year plea offer, and understood that the only offer he received was quite different." ECF 80 at 6. This factual support, Petitioner contends, is sufficient to establish that his IATC claim has "some merit" as required for his claim to proceed under *Martinez*. 566 U.S. at 14. Petitioner also objects that a COA should have been issued.

The Court has reviewed *de novo* those portions of Judge Clarke's Findings and Recommendation to which Petitioner has objected, as well as Petitioner's objections, Respondent's response, and relevant portions of the underlying record. The Deputy District Attorney ("DDA") who prosecuted Petitioner provided sworn testimony, which states that the DDA made one plea offer of a sentence of ten years, and one substantially less generous offer before trial was set. Petitioner's trial counsel's sworn testimony is that it would have been his practice to convey any plea offer to his client, though he has no present recollection of specifically communicating this plea offer.

Petitioner's characterization of his sworn testimony as establishing his "clear recollection that he did not receive [the] ten year plea offer" described by the DDA is not supported by Petitioner's affidavit. Nor is his characterization of the plea offer that he did receive (and reject)

as being "quite different" from the plea offer described by the DDA. The Court agrees with Judge Clarke's interpretation of Petitioner's affidavit as establishing that he does "not remember" whether the plea deal that he rejected was a ten-year or a twenty-year plea deal, because he does not remember whether the ten years for each of the two felony counts for which the DDA was requesting Petitioner plead guilty were to run concurrently or consecutively. Petitioner's affidavit therefore does not provide factual support for his claim that his trial counsel failed to communicate the DDA's ten year plea offer. The DDA and trial counsel's affidavits do, however, provide factual support for the inference that the offer that Petitioner admits to having rejected was the same ten year offer made by the DDA. Accordingly, Petitioner has failed to establish that his IATC claim is substantial.

Because Petitioner has failed to establish that his IATC claim is substantial, Petitioner's post-conviction review counsel's failure to raise Petitioner's IATC claim was not "an error so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth amendment." *Sexton v.* Cozer, 679, F.3d 1150, 1157 (9th Cir. 2012). Accordingly, the *Martinez* exception does not excuse the procedural default of this claim. The Court agrees with Judge Clarke's reasoning regarding the procedural default of Petitioner's IATC claim and ADOPTS those portions of the Findings and Recommendation.

Regarding the issuance of a COA, although the Court has found that Petitioner's recollection of the plea offer made to him is not clear enough to demonstrate that he was not offered the ten-year plea deal, the Court will issue a COA. It is appropriate for the district court to issue a COA when the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[T]he 'substantial showing' standard for a COA is relatively low . . . ." *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002). It is whether

PAGE 3 – ORDER

"reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003); *see also Jennings*, 290 F.3d at 1010 (noting that the standard "permits appeal where petitioner can 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [differently]; or that the questions are adequate to deserve encouragement to proceed further'" (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983))).

The Court finds that reasonable jurists could debate whether Petitioner was offered the ten-year plea bargain. Petitioner's trial counsel does not specifically recall telling Petitioner about the deal, and although trial counsel opines that he has notes from his visits with Petitioner, no contemporaneous notes were provided to the Court evidencing that any such conversation took place. Additionally, no contemporaneous written correspondence between Petitioner and his attorney, or between Petitioner's attorney and the DDA were submitted reflecting that the deal was discussed and rejected. Finally, Petitioner states in his affidavit that he would have accepted a ten-year deal because the evidence against him was "very strong" and he was facing twelve hundred months of incarceration.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any

other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Clarke's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

## CONCLUSION

The Court ADOPTS IN PART Judge Clarke's Findings and Recommendation, ECF 78. Petitioner's Amended Petition for Writ of Habeas Corpus (ECF 55) is DENIED and his case DISMISSED with prejudice. The Court issues a Certificate of Appealability on the issue of whether Petitioner's procedural default is excused under *Martinez v. Ryan*.

**IT IS SO ORDERED.**

DATED this 26th day of October, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge